FILED

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

2013 MAY -8  PM 12: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.

BY _____

Jonathan Cothran (259210)
J. COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, California 92868
(714) 974-5600 (telephone)
(888) 958-3028 (facsimile)
jpccmecf@gmail.com

*Attorneys for Plaintiff Jesse Meyer, on his own
behalf, and behalf of all others similarly situated*

## IN THE UNITED STATES DISTRICT COURT FOR

## CENTRAL DISTRICT OF CALIFORNIA

JESSE MEYER, an individual, on
his own behalf and on behalf of all
others similarly situated,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio limited
liability company, and DOES 1-100,
inclusive,

Defendants.

No.    **SACV13-00736 AG (JPRx)**

## CLASS ACTION COMPLAINT

Plaintiff Jesse Meyer ("Meyer" or "Plaintiff"), makes this complaint against

Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), and

Does 1 to 100 (collectively, "Defendants"). Plaintiff's allegations as to his own

actions are based on personal knowledge. The other allegations are based on his

counsel's investigation of publicly available documents and interviews with

witnesses, and information and belief.

### Introduction

1.    This case concerns Experian's refusal to comply with Meyer's

Class Action Complaint

statutory right to access certain information maintained by Experian under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681-1681x). The FCRA provides that

> [E]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request . . .

15 U.S.C. § 1681g(a). In turn, the term "file" means "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

2.     Beginning in October 2012, Meyer began to request certain tradelines reported to Experian by Lien Enforcement, Inc. Experian is a consumer reporting agency, and Lien Enforcement's tradelines are part of Experian's files. A wide variety of businesses report tradelines to Experian; Experian then uses these tradelines (together with other information) and compiles them into consumer credit reports. While credit reports may contain information about the underlying tradelines, credit reports do not necessarily contain all information in a particular tradeline. Indeed, in Meyer's case, Experian removed the Lien Enforcement tradeline from Meyer's credit report altogether after Meyer began requesting it.

3.     Meyer alleges on information and belief that Experian's refusal to provide access to tradelines case violates the statutory rights of a class of consumers. Experian refuses to produce underlying tradelines to consumers even after these consumers make valid and lawful requests for the tradelines. Defendant's practices violate section 1681g(a) of the FCRA. On his own behalf and on behalf of all similarly situated persons, Plaintiff seeks remedies under statutory damages under the FCRA, as well as injunctive relief under the unfair competition law (Cal. Bus. & Prof. § 17200) ("UCL").

**Parties**

4.     Plaintiff Jesse Meyer is a natural person. Meyer brings this action on

behalf of himself and others similarly situated.

5.     Defendant Experian Information Solutions, Inc. is an Ohio corporation which maintains offices at 475 Anton Boulevard, Costa Mesa California 92626. Defendant Experian is a consumer reporting agency under the definition of 15 U.S.C. § 1681a(f). Experian is one of the three largest consumer reporting agencies in the country.

6.     Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff. On information and belief, all Doe Defendants are citizens of California.

7.     Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

8.     Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and

1    severally, unless otherwise alleged.

2                        **Jurisdiction and Venue**

3        9.      Meyer asserts federal claims under the FCRA. The Court has subject

4    matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5    The Court at least has supplemental jurisdiction over Meyer's state law claims

6    under 28 U.S.C. § 1367.

7        10.     This Court has personal jurisdiction over the Defendants under

8    California Code of Civil Procedure section 410.10 because the acts alleged herein

9    were committed in Orange County.

10       11.     Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2),

11   (c), because, e.g., Experian's liability arose in the County of Orange.

12                      **Plaintiff's Individual Allegations**

13       12.     On October 9, 2012, Meyer submitted a request to Experian for

14   certain records, including all "tradelines, decoded Metro II files, or other decoded

15   data which concern any account reported by Lien Enforcement, Inc. (including

16   account designated number 1000CAD102112XXXX)," together with appropriate

17   identification and verification. A true and correct copy of this October 9 letter is

18   attached to this Complaint as Exhibit A, except that certain confidential and

19   personal information has been redacted or removed.

20       13.     On October 23, Experian replied indicating that it was "in the process

21   of deleting the disputed collection account." A true and correct copy of this

22   October 23 letter is attached to this Complaint as Exhibit B. In a telephone

23   subsequent conversation on October 23, Experian advised it would be able to

24   provide some of the requested records if Meyer executed a notarized authorization

25   in favor of his counsel. The next day, Experian sent a copy of Meyer's credit report

26   reflecting the removal of the Lien Enforcement tradeline from his credit report. A

27   true and correct excerpt of this October 24 credit report (which reflects the removal

28   of the Lien Enforcement tradeline) is attached to this Complaint as Exhibit C.

14.     On February 4, 2013, Meyer's counsel sent another letter which included the authorization Experian requested on October 23. The February 24 letter again requested Lien Enforcement's tradelines, emphasizing that the request encompassed "historical information separate and apart from what is contained in Mr. Meyer's current credit report." A true and correct copy of this February 4 letter is attached to this Complaint as Exhibit D, except that certain confidential and personal information and certain duplicative enclosures have been redacted or removed.

15.     On February 22, Experian advised that it would not be able to provide certain other records but did not respond to Meyer's request for the Lien Enforcement tradelines. A true and correct excerpt of Experian's February 22 letter is attached to this Complaint as Exhibit E.

16.     On February 28, Meyer's counsel sent another letter which (1) noted that Experian's previous letter did not address production of the Lien Enforcement tradeline and (2) again reiterated Meyer's request that Experian provide the Lien Enforcement tradeline by March 15. A true and correct excerpt of Meyer's February 28 letter is attached to this Complaint as Exhibit F, except that certain duplicative enclosures have been redacted or removed.

17.     On April 5, Meyer's counsel sent yet another letter to Experian. A true and correct copy of this April 5 letter is attached to this Complaint as Exhibit G. The April 5 letter lists the various documents Experian has produced in response to Meyer's correspondence, but noted that Experian still had not provided the Lien Enforcement tradeline. Finally, the April 5 letter demanded that Experian finally comply with this request by April 19. The April 5 letter emphasized that "[c]redit reports and ACDVs are not a complete response to Mr. Meyer's request," and indicated that Meyer might file suit if Experian did not at last comply with Meyer's request voluntarily.

18.     Experian received the April 5 letter. Meyer received a signed return

receipt confirming the delivery of the April 5 letter on April 9. A true and correct excerpt of this return receipt is attached to this Complaint as Exhibit H.

19. However, Experian did not respond to the April 5 letter. Rather, Experian opened the April 5 letter, stapled it back together, and then returned it to Meyer by marking "RTS" on the envelope. A true and correct copy of the returned envelope (as well as photographs of the returned envelope to provide additional perspectives) is attached to this Complaint as Exhibit I.

20. On April 19, Meyer sent Experian still another letter demanding "all tradelines, decoded Metro II files, or other decoded data which concern any account reported by Lien Enforcement, Inc. (including account designated number 1000CAD1 021122608) which were reported on Mr. Meyer's credit report." A true and correct copy of this April 19 letter is attached to this Complaint as Exhibit J, except that certain duplicative enclosures have been redacted or removed. The April 19 letter demanded that Experian provide the Lien Enforcement tradelines by April 26.

21. Experian received the April 19 letter. Meyer received a signed return receipt confirming the delivery of the April 19 letter on April 25. A true and correct excerpt of this return receipt is attached to this Complaint as Exhibit K.

### Class Allegations

22. **Uniform Practices and Procedures:** Experian maintains uniform practices and procedures for responding to consumer requests under 15 U.S.C. § 1681g(a). For whatever reason, these practices and procedures did not prompt Experian to comply with Meyer's request for the Lien Enforcement tradelines. On information and belief, Meyer alleges that Experian's uniform practices and procedures fail to ensure consumer who request copies of historical tradelines receive such tradelines.

23. **Class Definition:** Meyer seeks to certify a class under Federal Rule of Civil Procedure 23. Meyer brings this Complaint against Defendants on behalf of

herself and the class (the "Class") of

> All natural persons who, within the two years prior to the date this complaint was filed, sent a written request to Experian for a copy of a tradeline that was (at some point in time) found on that person's credit report together with proper identification but did not receive the tradeline they requested.

Members of the Class can be readily identified from Defendants' records and public records. Members of the Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

24.  **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Meyer at this time, but such information should be readily ascertainable by Defendants. Given that Experian's violation of section 1681g arises from routine application of uniform business practices, Meyer alleges that individual joinder of all members of the Class is impracticable.

25.  **Class Commonality:** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member.

26.  **Typicality:** Meyer's claims are typical of the claims of the other members of the Class. Meyer is not different in any relevant way from any other member of the Class, and the relief she seeks is common to the Class.

27.  **Adequate Representation:** Meyer will fairly and adequately represent and protect the interests of the other Class members: their interests do not conflict with their respective interests. Meyer has retained counsel competent and experienced in complex class actions, and he intends to prosecute this action vigorously.

28.  **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since

joinder of all members is impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to obtain effective relief from Defendants' misconduct on an individual basis. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

29.     **Generally Applicable Policies:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, and to the Subclass as a whole. The policies of the Debtor challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Debtor's conduct, not on facts or law applicable only to Plaintiff.

**FIRST CAUSE OF ACTION:**
**Violation of the FCRA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Class**

30.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the Class Members.

31.     Experian is a consumer reporting agency under the definition of 15 U.S.C. § 1681a(f).

32.     Meyer and the other Class members are consumers under the definition of 15 U.S.C. § 1681a(c).

33.   Meyer and the other Class members presented proper identification under 15 U.S.C. § 1681h(a) when they requested a copy of one or more tradelines under 15 U.S.C. § 1681g(a). The tradeline constituted information that was in the Class members' files at the time of their request.

34.   Experian refused to provide the tradelines requested by the Class members to the Class members and unlawfully ignored and failed to honor the Class members' requests for tradelines. Experian's refusal to provide the tradelines requested by the Class was willful.

35.   Meyer seeks actual and statutory damages, attorneys' fees, and declaratory relief, pursuant to 15 U.S.C. §§ 1681n, 1681o and 28 U.S.C. § 2201, for himself and the other members of the Class.

**SECOND CAUSE OF ACTION:**
**Violation of the UCL Against All Defendants**
**by Plaintiff Individually and on Behalf of the Class**

36.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the Class Members.

37.   Experian's refusal to produce the tradelines requested by Meyer and the other Class members violates 15 U.S.C. § 1681g(a). Experian's refusal to produce the tradelines requested by Meyer and the other Class members constitutes an unlawful practice under the UCL.

38.   Meyer and the other Class members have suffered "injury in fact" and "lost money and property" under the meaning of Business and Professions Code section 17204. Meyer and the other Class members have suffered lost property in the form of the physical records that Experian should have provided them. The tradelines at issue can be precisely and distinctly identified, the Class members are plainly entitled to these records under 15 U.S.C. § 1681g(a), the tradelines are confidential and not otherwise disclosed by Experian (except under 15 U.S.C. § 1681b), and Meyer and the other Class members sought a copy of the documents

for their exclusive possession.

39.     Second, Meyer and the other Class members have lost the value of the postage consumed when they submitted written requests for the relevant tradelines. For instance, Meyer spent $6.11 mailing his April 5 letter, which Experian returned without producing the tradelines. But for Defendants' refusal to comply with 15 U.S.C. § 1681g(a), Meyer and the other Class members would have received the benefit for the postage so purchased and expended; namely, the records requested from Defendants. Defendants' refusal to comply with 15 U.S.C. § 1681g(a) diminished the value of Meyer and the other Class members' property interest in the postage they purchased. Further, Meyer and the other Class members purchased that postage in reasonable reliance on the expectation that Defendants would comply with their duties under 15 U.S.C. § 1681g(a).

40.     Business & Professions Code section 17203 provides that the court may make any order "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Meyer seeks replevin of the documentation improperly withheld by Experian, and injunctive and equitable relief, and to recover the costs of the action (including attorneys' fees) under Code of Civil Procedure section 1021.5, for himself and the other members of the Class.

WHEREFORE, Plaintiff Jesse Meyer prays that the Court enter judgment and orders in his favor and against Defendant Experian Information Solutions, Inc. and Does 1 to 100 as follows:

a.     An order certifying the Class, directing that this case proceed as a class action, and appointing Meyer and his counsel to represent the Class;

b.     Statutory damages as provided under 15 U.S.C. § 1681n(a);

c.     Equitable and injunctive relief, enjoining further violations of 15 U.S.C. § 1681g(a) under the UCL;

c.     An order granting costs and attorneys' fees; and

d.      Such other and further relief as this Court may deem appropriate.

Dated: May 7, 2013          By: _____

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Jonathan Cothran (259210)
J. COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, California 92868
(714) 974-5600 (telephone)
(888) 958-3028 (facsimile)
jpccmecf@gmail.com

*Attorneys for Plaintiff Jesse Meyer,*
*on his own behalf, and behalf of all*
*others similarly situated*

Class Action Complaint                    11

# JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 7, 2013          By: _____

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Jonathan Cothran (259210)
J. COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, California 92868
(714) 974-5600 (telephone)
(888) 958-3028 (facsimile)
jpccmecf@gmail.com

*Attorneys for Plaintiff Jesse Meyer,
on his own behalf, and behalf of all
others similarly situated*

Class Action Complaint                    No. 12-CV-7118 (DMG) (PLAx)

## LOCAL RULE 7.1-1 CERTIFICATION

The undersigned, counsel of record for Plaintiff Jesse Meyer, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1.    Jesse Meyer

2.    Experian Information Solutions, Inc.

3.    Experian plc

Dated: May 7, 2013        By:

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

Jonathan Cothran (259210)
J. COTHRAN LAW OFFICES
2230 West Chapman Avenue, Suite 200
Orange, California 92868
(714) 974-5600 (telephone)
(888) 958-3028 (facsimile)
jpccmecf@gmail.com

*Attorneys for Plaintiff Jesse Meyer,*
*on his own behalf, and behalf of all*
*others similarly situated*

Class Action Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

# PRESTON/LAW OFFICES
8245 North 85th Way / Scottsdale, Arizona 85258
(480) 269-9540 / (866) 509-1197 / ep@eplaw.us

Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, California 92626

October 9, 2012

Re:    Jesse Helm Meyer

To Whom It May Concern,

This letter is sent on behalf of my client, Jesse Helm Meyer. I have enclosed copies of a recent insurance document and Mr. Meyer's driver's license. Mr. Meyer's personal information is as follows:



Date of birth:

Social Security Number:

Residential addresses for the last two years:

Mr. Meyer requests that Experian Information Solutions, Inc. ("Experian") provide for inspection all tradelines, decoded Metro II files, or other decoded data which concern any account reported by Lien Enforcement, Inc. (including account designated number 1000CAD102112XXXX). In particular, Mr. Meyer asks for any Automated Consumer Dispute Verifications (ACDVs) transmitted to Lien Enforcement, as well as any responses to such ACDVs received from Lien Enforcement.

The foregoing request is made pursuant to California Civil Code section 1785.10(a) and 15 U.S.C. § 1681g(a), which provide Mr. Meyer a right to "inspect all files maintained regarding that consumer at the time of the request" and "[t]he sources of [such] information." Mr. Meyer also requests the disclosure of each person who procured his

Experian Information Solutions, Inc.
October 9, 2012
Page 2 of 2

report during the year preceding this request. *See* 15 U.S.C. § 1681g(a)(3)(A); Cal. Civ. Code § 1785.10(d). Please understand these requests seek historical information separate and apart from what may be contained in Mr. Meyer's current credit report.

Please call me at the number above if there are any questions. Mr. Meyer would like this information sent to his permanent address at 524 West Street, Fort Bragg, California 95437. If copies the requested information are unavailable, please advise on when and where Mr. Meyer's representatives can review the responsive records in person.

Sincerely,

Ethan Preston

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B

Experian

PO Box 1240
Allen, TX 75013
www.experian.com

October 23, 2012

Ethan Preston
Preston Law Offices
8245 North 85th Way
Scottsdale, AZ 85258

RE:     Jesse Helm Meyer
        Our Reference #:  28852791

Dear Counselor:

Our office recently received your correspondence regarding your client's personal credit report.

Please accept this letter as confirmation that we are in the process of deleting the disputed collection account.  Upon completion, an updated copy of the personal credit report will be provided to your client for review.

Thank you for allowing me to assist you.  If you have any questions, please contact our office.

Sincerely,

Yvette Buffington

Yvette Buffington
Senior Regulatory Affairs Associate
Consumer Affairs Special Services
214 726 4045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C

**:::Experian**
A world of insight

Prepared for: **JESSE HELM MEYER**
Date: **October 24, 2012**
Report number:

# Dispute results

## About our dispute process

This summary shows the revision(s) made to your credit file as a result of our processing of your dispute. If you still question an item, then you may want to contact the furnisher of the information directly or review the original information in the public record.

The federal Fair Credit Reporting Act provides that you may:

- request a description of how we processed your dispute, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have requested your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.



Scan me with your smart phone
for special offers from Experian.

## How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item was not changed as a result of our processing of your dispute

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you

**Processed** - This item was either updated or deleted; review this report to learn its outcome

## Results

We have completed the processing of your dispute(s). Here are the results:

| Credit Items | Outcome |
|---|---|
| LIEN ENFORCEMENT INC 1000CAD1021122608 | Deleted |

Visit experian.com/status to check the status of your pending disputes at any time

## What's your credit score?

Find out by ordering your VantageScore® from Experian for only **$7.95**. To order, call 1 888 322 5583.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

0251105036

‖‖ı‖ıılıılıılıılılılıılıılllıılıılıılıılıılılıllı‖ı‖ıl

-CO2-P05193-J

0005189 02 SP 0.690 **SNGLP 0 27256
JESSE HELM MEYER
524 WEST ST
FORT BRAGG CA 95437

PO Box 9701
Allen, TX 75013

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit D

Exhibits to Class Action Complaint

# PRESTON/LAW OFFICES

8245 North 85th Way / Scottsdale, Arizona 85258
(480) 269-9540 / (866) 509-1197 / ep@eplaw.us

Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, California 92626                                    February 4, 2013

        Re:     Jesse Helm Meyer

To Whom It May Concern,

I am writing on behalf of my client, Jesse Helm Meyer. Consistent with our October 23,
2012 communication, I have enclosed a notarized authorization from Mr. Meyer to
obtain from Experian Information Solutions, Inc. ("Experian") records concerning Mr.
Meyer pursuant to California Civil Code section 1785.10(a) and 15 U.S.C. § 1681g(a).

Specifically, Mr. Meyer requests that Experian provide for inspection all tradelines,
decoded Metro II files, or other decoded data which concern any account reported by
Lien Enforcement, Inc. (including account designated number 1000CAD102112XXXX).
In particular, Mr. Meyer requests Automated Consumer Dispute Verifications (ACDVs)
transmitted to Lien Enforcement, as well as any responses to such ACDVs received
from Lien Enforcement. Please understand Mr. Meyer requests *historical information
separate and apart from what is contained in Mr. Meyer's current credit report.*

During my October 23 telephone call with Experian, Experian's representative stated
that it is the policy of Experian not to include towing charges on consumer credit
reports. Mr. Meyer requests any documentation of this policy, any documents which
indicate that this policy was provided to Lien Enforcement, and any other
documentation of the basis for deleting information provided by Lien Enforcement
from Mr. Meyer's credit report.

California Civil Code section 1785.10(a) and 15 U.S.C. § 1681g(a) provide Mr. Meyer a
right to "inspect all files maintained regarding that consumer at the time of the
request" and "[t]he sources of [such] information." Mr. Meyer further requests the
disclosure of each person who procured his report during the year preceding this
request. *See* 15 U.S.C. § 1681g(a)(3)(A); Cal. Civ. Code § 1785.10(d).

To facilitate the disclosure of the foregoing records, I have enclosed copies of our prior
correspondence, as well as copies of a recent insurance document and Mr. Meyer's
driver's license. Again, Mr. Meyer's personal information is as follows:

        Date of birth:                        ▮▮▮▮▮▮▮▮▮

Experian Information Solutions, Inc.
February 4, 2013
Page 2 of 2

Social Security Number:

Residential addresses for the last
two years:



Please call me at the number above if there are any questions. If copies the requested
information are unavailable, please advise on when and where Mr. Meyer's
representatives can review the responsive records in person.

Sincerely,

Ethan Preston

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit E

 Experian

PO Box 1240
Allen, TX 75013
www.experian.com

February 22, 2013

Ethan Preston
Preston Law Offices
8245 North 85th Way
Scottsdale, AZ 85258

RE:     Jesse Helm Meyer
        Our Reference #:  30138950

Dear Counselor:

Our office recently received your correspondence regarding your client's personal credit report.

We are in the process of providing your client with a current copy of his credit report for review.

In response to your recent letter requesting that Experian provide you with documentation of our policies.  The documentation you are requesting is proprietary information.  Therefore, we must respectfully decline your request for this type of information.

Thank you for allowing us to assist you in this mater.

Sincerely,

Yvette Buffington
Senior Regulatory Affairs Associate
Consumer Affairs Special Services
214 726 4045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit F

# PRESTON/LAW OFFICES

8245 North 85th Way / Scottsdale, Arizona 85258
(480) 269-9540 / (866) 509-1197 / ep@eplaw.us

Yvette Buffington
Experian Information Solutions, Inc.
P.O. Box 1240
Allen, Texas 75013                                              February 28, 2013

      Re:    Jesse Helm Meyer, Experian Reference # 30138950

Dear Ms. Buffington,

I am writing to follow up on my February 4 correspondence (enclosed without attachements for your reference). The February 4 letter requested any documentation of Experian's policy for excluding towing charges on consumer credit reports, as well as any documentation which indicate that this policy was provided to Lien Enforcement, Inc. I acknowledge without further comment that February 22 letter (a copy of which is also enclosed for your reference) states that documentation of Experian's policies is "proprietary information" and therefore Experian "respectfully decline[s] [Mr. Meyer's] request for this type of information."

The February 4 letter *also* requested that Experian produce:

> all tradelines, decoded Metro II files, or other decoded data which concern any account reported by Lien Enforcement, Inc. (including account designated number 1000CAD102112XXXX) [as well as] Automated Consumer Dispute Verifications (ACDVs) transmitted to Lien Enforcement, as well as any responses to such ACDVs received from Lien Enforcement. Please understand Mr. Meyer requests *historical information separate and apart from what is contained in Mr. Meyer's current credit report.*

The February 4 letter also requested on Mr. Meyer's behalf "the disclosure of each person who procured his report during the year preceding [the] request" pursuant to 15 U.S.C. § 1681g(a)(3)(A) and Cal. Civ. Code § 1785.10(d). I acknowledge that your response stated that Experian is "in the process of providing your client with a current copy of his credit report for review." As previously indicated, however, a credit report will not fully satisfy Mr. Meyer's February 4 request – even excluding the information about Experian's internal policies which you have indicated are proprietary.

Hence, Experian's February 22 correspondence is not a complete response to Mr. Meyer's February 4 request; it does not clarify whether Experian will produce the

Experian Information Solutions, Inc.
February 28, 2013
Page 2 of 2

foregoing documents or contends that they too are proprietary. We ask that Experian explicitly indicate in writing whether it will produce those documents identified above which relate to information furnished to Experian by Lien Enforcement, Inc. concerning Mr. Meyer (but are not his credit report) no later than March 15, 2013.

Sincerely,

Ethan Preston

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit G

Exhibits to Class Action Complaint

# PRESTON/LAW OFFICES

8245 North 85th Way / Scottsdale, Arizona 85258
(480) 269-9540 / (866) 509-1197 / ep@eplaw.us

Yvette Buffington
Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, California 92626-7037                                      April 5, 2013

     Re:    Jesse Helm Meyer, Experian Reference # 30138950

Dear Ms. Buffington,

I am in receipt of your March 22, 2013 correspondence. To recap, I represent Mr. Meyer on an unrelated matter. I have requested that Experian Information Solutions, Inc. ("Experian") provide documents concerning the information furnished by Lien Enforcement, Inc. to Experian about Mr. Meyer on my client's behalf. Specifically, in separate correspondence dated October 9, 2012, February 4, 2013, and February 28, 2013, I requested "all tradelines, decoded Metro II files, or other decoded data which concern any account reported by Lien Enforcement, Inc. (including account designated number 1000CAD102112XXXX)." These requests included but were not limited to ACDVs transmitted to or ACDV responses received from Lien Enforcement.

To date, Experian has provided a copy of Mr. Meyer's credit report (on October 24, 2012 and February 22, 2013) and a document identified in your March 22, 2013 correspondence as "a copy of Automated Consumer Dispute Verification (ACDVs) transmitted to Lien Enforcement" (although it in fact appears to be Lien Enforcement's response to an ACDV). However, Experian still has not provided a copy of the tradelines Lien Enforcement furnished to Experian we have requested. Experian's concerted failure to this request is in violation of California Civil Code section 1785.10(a) which provides Mr. Meyer a right to access "all files maintained [by Experian] regarding [Mr. Meyer] at the time of the request," and 15 U.S.C. § 1681g(a) which obligates Experian to disclose "[a]ll information in [Mr. Meyer's] file at the time of the request."

Mr. Meyer again reiterates his request for all tradelines, decoded Metro II files, or other decoded data which concern any account Lien Enforcement furnished to Experian which relates to Mr. Meyer (such as account number 1000CAD1021122608) at any point, whether Experian includes such information in Mr. Meyer's current credit report or not. *Credit reports and ACDVs are not a complete response to Mr. Meyer's request.* Experian needs to comply with this request *no later than April 19, 2013.* If Mr. Meyer is obliged to resort to litigation to enforce this request, it may result in a judgment against Experian that would include damages, reasonable court costs, and attorneys'

Experian Information Solutions, Inc.
April 5, 2013
Page 2 of 2

fees.

Experian's failure to comply with the foregoing statutes constitutes an unfair method of competititon which violates the Consumer Legal Protection Act by representing (by way of Experian's conduct) that "a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." Cal. Civ. Code § 1770(a)(14). Pursuant to California Civil Code 1782, Mr. Meyer separately demands that Experian

a.   identify all consumers who have submitted lawful requests for individual furnisher tradelines;

b.   notify each such consumer that Experian will provide a copy of such furnisher tradeline upon their request;

c.   provide a copy of the requested historical furnisher tradeline (as opposed to a current copy of the credit report, ACDV, or other such record); and

d.   confirm with Mr. Meyer that Experian will no longer fail to honor requests for individual furnisher tradelines.

Please respond to this demand separately within the next thirty (30) days.

Sincerely,

Ethan Preston

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# Exhibit H

25
26
27
28

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name)  C. Date of Delivery

1. Article Addressed to:

Experian Information
Solutions
475 Anton Blvd.
Costa Mesa CA 92626

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)

7012 3050 0001 0148 3139

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Preston Law Offices
8245 N. 85th Way
Scottsdale AZ 85258

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit I







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# Exhibit J

25
26
27
28

# PRESTON/LAW OFFICES

8245 North 85th Way / Scottsdale, Arizona 85258
(480) 269-9540 / (866) 509-1197 / ep@eplaw.us

Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, California 92626-7037                                    April 19, 2013

Re:     Jesse Helm Meyer, Experian Reference # 30138950

To Whom It May Concern,

Experian Information Solutions, Inc. ("Experian") caused April 5, 2013 certified letter
from these offices to be returned after (1) signing a receipt for the letter and (2)
opening the letter. Under these circumstances, returning the letter does not absolve
Experian from its failure to comply with Mr. Meyer's statutory requests for portions of
Experian's files related to his credit report. A copy of the April 5 letter, the returned
envelope, and the return receipt which Experian signed are enclosed.

The April 5 letter reiterated Mr. Meyer's long-standing demand for all tradelines,
decoded Metro II files, or other decoded data which concern any account reported by
Lien Enforcement, Inc. (including account designated number 1000CAD1021122608)
which were reported on Mr. Meyer's credit report. I again reiterate Mr. Meyer's request
for those documents, which are further detailed in the April 5 letter. The April 5 letter
directed Experian to comply with the request by April 19. *To reiterate, credit reports and
ACDVs are not a complete response to Mr. Meyer's request.* In an abundance of caution,
however, Mr. Meyer will extend the deadline to comply with the foregoing request until
*April 26.* Again, if Mr. Meyer is obliged to resort to litigation to enforce this request, it
may result in a judgment against Experian that would include damages, reasonable
court costs, and attorneys' fees.

Mr. Meyer again states that Experian's failure to comply with the foregoing statutes
constitutes an unfair method of compettiton which violates the Consumer Legal
Protection Act by representing (by way of Experian's conduct) that "a transaction
confers or involves rights, remedies, or obligations which it does not have or involve, or
which are prohibited by law." Cal. Civ. Code § 1770(a)(14). Pursuant to California Civil
Code 1782, Mr. Meyer separately demands that Experian

a.      identify all consumers who have submitted lawful requests for individual
        furnisher tradelines;

b.      notify each such consumer that Experian will provide a copy of such
        furnisher tradeline upon their request;

Experian Information Solutions, Inc.
April 26, 2013
Page 2 of 2

      c.     provide a copy of the requested historical furnisher tradeline (as opposed to a current copy of the credit report, ACDV, or other such record); and

      d.     confirm with Mr. Meyer that Experian will no longer fail to honor requests for individual furnisher tradelines.

Please respond to this demand separately within the next thirty (30) days.

Sincerely,

Ethan Preston

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit K

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Informations
Solutions
475 Anton Blvd.
Costa Mesa CA 92626

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
EWIN                             4-2-

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7012 3460 0001 5950 9402

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Preston Law Offices
8245 North 85th Way
Scottsdale AZ 85258

From:Court Link Inc.   714 836 4449   05/08/2013 16:30   #437 P:011/011

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 736 AG (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Ethan Preston (263295)
Preston Law Offices
8245 North 85th Way, Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MEYER, an individual, on his own behalf and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio limited liability company, and DOES 1-100, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV13-736 AG (JPRx)<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __30__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Ethan Preston_____, whose address is _8245 North 85th Way, Scottsdale, Arizona 85258_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___5-13-13___

By: _Lori Wagers_
                Deputy Clerk
        **LORI WAGERS**
        *(Seal of the Court)*
        1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                          SUMMONS

Ethan Preston (263295)
Preston Law Offices
8245 North 85th Way, Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MEYER, an individual, on his own behalf and on behalf of all others similarly situated | CASE NUMBER<br><br>SACV13-736 AG (JPRx) |
| PLAINTIFF(S)<br>v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio limited liability company, and DOES 1-100, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __30__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Ethan Preston_____, whose address is _8245 North 85th Way, Scottsdale, Arizona 85258_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____5-13-13_____

By: _____**LORI WAGERS**_____
            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11                          **SUMMONS**

From:Court Link Inc.                    714 836 4449          05/   2013 16:45      #437 P.004/011

*NOW ONLY 2+1*

**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| JESSE MEYER, an individual, on his own behalf and on behalf of all others similarly situated | EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio limited liability company, and DOES 1-100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Ethan Preston (263295), Preston Law Offices, 8245 North 85th Way, Scottsdale, Arizona 85258, (480) 269-9540 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ Unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Defendant violated 15 U.S.C. § 1681g(a) by refusing to produce records lawfully requested by Plaintiff. Plaintiff seeks statutory and actual damages under 15 U.S.C. § 1681n and 1681o, and injunctive relief under California's unfair competition law (Cal. Bus. & Prof. § 17204).

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number:  **SACV13-00736 AG (JPRx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

113M566636879.tif - 5/8/2013 4:56:57 PM

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Mendocino County (temporary residence in Tennessee) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: May 7, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |